JERRY S. BUSBY
Nevada Bar #001107
ANDRE T. MARQURES
Nevada Bar #014737
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
amarques@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NANCY NELSON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD & DRUG #399; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-01434-CDS-DJA<br><br>**STIPULATION FOR EXTENSION OF DISCOVERY DEADLINES (FIRST REQUEST)** |

Good cause is present for the stipulation under LR 26-3.

Plaintiff is alleging significant injuries in this case. In her most recent disclosure, served on October 24, 2023, Plaintiff alleged her past medical bills are $117,684.16. In addition, Plaintiff sought treatment at twenty-two (22) medical providers for treatment allegedly related to the subject incident.

Thus, additional time is needed to collect Plaintiff's voluminous medical records and allow more time for expert disclosures. Just given the sheer number of medical providers involved in this case, there is not enough time to collect these records and forward them to the expert witnesses so that they can include the records in their initial expert reports.

Moreover, Plaintiff requested a two-week extension to respond to written discovery, which Defendant granted. Therefore, additional time is needed to take Plaintiff's deposition, and gather additional medical records.

Further, Plaintiff has requested dates for Plaintiff's expert to perform a site inspection of the area where the subject incident occurred, but Defendant wants to depose Plaintiff before providing Plaintiff with available dates, a request the parties still need to meet and confer about. The current holiday season has also created additional impediments in conducting portions of discovery, obtaining records from non-parties, and retaining experts.

Pursuant to LR 26-3, stipulations to extend discovery must be supported by good cause for the extension. A request made within 21 days of the expiration of a deadline that the parties seek to extend must also be supported by a showing of good cause. *See* LR 26-3. To establish good cause, the Court looks to the diligence of the party that seeks the extension. *Safeco Ins. Co. of Am. v. Air Vent, Inc.,* Case No. 2:20-01579, 2021 U.S. Dist. LEXIS 95692, *1 (May 19, 2021) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000)). Good cause is present if the deadline at issue "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).

IT IS HEREBY STIPULATED by and between PAUL G. ALBRIGHT, ESQ., of the law firm NAQVI INJURY LAW, as counsel for Plaintiff, NANCY NELSON, and ANDRE T. MARQUES, ESQ., of the law firm COOPER LEVENSON, P.A., as counsel for Defendant, SMITH'S FOOD & DRUG CENTERS, INC., that certain discovery deadlines be extended by 90 days, as set forth below, to allow the parties to complete discovery prior to trial.

**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1.  The parties participated in the Fed. R. Civ. P. 26(f) conference on October 10, 2023;

2.  Plaintiff served her Fed. R. Civ. P. 26.1(a)(1) initial disclosure on October 24, 2023;

3.  Defendant served its Fed. R. Civ. P. 26.1(a)(1) initial disclosure on November 15, 2023;

4.  Defendant served Plaintiff with written discovery including interrogatories, requests for admissions, and requests for production of documents on November 17, 2023;

5.  Plaintiff served Defendant with written discovery including interrogatories, and requests for production of documents on November 27, 2023;

6.  Defendant has sent authorizations to Plaintiff, and is still in the process of collecting all of Plaintiff's medical records.

7. Plaintiff has retained a liability expert and requested a site inspection of the store where the subject incident occurred.

## A. **SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**.

1. Deposition of Plaintiff.

2. Deposition of SMITH'S fact witnesses.

3. Deposition of Plaintiff treating physicians.

4. Deposition of SMITH'S Rule 30(b)(6) corporate representative.

5. Defendant to identify and collect Plaintiff's medical records.

6. Parties to retain and designate expert witnesses.

7. Depositions of expert witnesses.

8. Site inspection.

## B. **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER**

Pursuant to LR 26-3, good cause is present for the stipulation. This is a premise liability action and Plaintiff is alleging significant injuries. Recently, Plaintiff requested an extension to serve her discovery responses, and Defendant has yet to notice her deposition. Defendant will need additional time to send authorizations to Plaintiff's medical providers and gather and review Plaintiff's medical records.

Therefore, the parties in this matter respectfully request a ninety (90) day extension of discovery deadlines to allow enough time for the parties to gather medical records, depose witnesses, including treating medical providers, and to complete discovery as a whole.

Simply put, the Defendant cannot take Plaintiff's deposition, recover all of Plaintiff's relevant medical records, and have those records examined by its expert witnesses for their reports under the current Scheduling Order. Similarly, Plaintiff has requested dates for Plaintiff's expert to perform a site inspection of the area where the subject incident occurred, but Defendant wants to depose Plaintiff before providing Plaintiff with available dates, which the parties still need to meet and confer about.

/ / /

Plaintiff's liability expert will not be able to develop his opinions and draft his report until Defendant allows Plaintiff to perform the requested inspection. Lastly, the current holiday season has created additional impediments in conducting portions of discovery, obtaining records from non-parties, and retaining experts.

### C.   PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued 90 days from their present deadlines.

**1.   Discovery Cut-Off Date:** The parties jointly propose that the discovery cut-off date be extended from its present deadline of March 12, 2024, to **Wednesday, June 12, 2024**.

**2.   Amending the Pleadings and Adding Parties:** The parties do not seek to extend this deadline, but reserve the right to bring an appropriate motion in the future in the unlikely event that new information is found in discovery that creates the need to amend the pleadings.

**3.   Fed. R. Civ. P. 2(a)(2) Disclosures (Experts):**  The parties jointly propose that the initial expert disclosure deadline be extended from its present deadline of January 12, 2024, to **Thursday, April 11, 2024**; the rebuttal expert disclosure be extended from its present deadline of February 12, 2024, to **Monday, May 13, 2024.**

**4.   Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended from its present deadline of April 11, 2024, to **Friday, July 12, 2024**.

**5.   Pretrial Order:** The date for filing the joint pretrial order shall not be later than **August 12, 2024**, 30 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

/ / /

**6.** **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

**7.** **Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The parties have not scheduled any such ADR forum at this point, but agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

**8.** **Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

**9.** **Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the Pre-Trial Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CLAC 7697782.1

**10.  <u>Extensions or Modifications of the Discovery Plan and Scheduling Order:</u>** Any stipulation or motion must be made no later than 21 days before the subject deadline.  Requests to extend discovery deadlines must comply fully with LR 26-3.

Respectfully submitted this 22nd day of December, 2023.

| NAQVI INJURY LAW | COOPER LEVENSON, P.A |
|---|---|
| /s/ Paul G. Albright | /s/ Andre T. Marques |
| PAUL G. ALBRIGHT, ESQ. | JERRY S. BUSBY, ESQ. |
| Nevada Bar No. 014159 | Nevada Bar No. 001107 |
| 9500 West Flamingo Road, Suite 104 | ANDRE T. MARQUES, ESQ. |
| Las Vegas, Nevada 89147 | Nevada Bar No. 014737 |
| (702) 553-1000 | 3016 W. Charleston Blvd.-Suite 195 |
| Attorneys for Plaintiff | Las Vegas, Nevada 89102 |
| NANCY NELSON | (702) 366-1125 |
| | Attorneys for Defendant |
| | SMITH'S FOOD & DRUG CENTERS, INC. |

**ORDER**

**IT IS SO ORDERED** that the discovery deadlines are hereby extended as follows:

| Scheduled Event | New Deadlines |
|---|---|
| Amend Pleadings and add Parties | **Closed** |
| Initial Expert Disclosure | **April 11, 2024** |
| Disclosure of Rebuttal Experts | **May 13, 2024** |
| Discovery Cutoff | **June 12, 2024** |
| Dispositive Motions | **July 12, 2024** |
| Joint Proposed Pre-trial Order | **August 12, 2024** |

_____
UNITED STATES MAGISTRATE JUDGE
DATED:  12/27/2023

CLAC 7697782.1